| | |
|---|---|
| ROBIN SUTTON )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>Kroger Limited Partnership I )<br>)<br>Registered Agent: )<br>CORPORATION SERVICE COMPANY )<br>2909 Poston Ave. )<br>Nashville, TN 37203-1312 )<br>)<br>    Defendant. ) | 3:20-CV-495<br>**JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

Comes now the Plaintiff, Robin Sutton, by and through counsel, sues the Defendant, Kroger Limited Partnership 1 (Kroger). For her cause of action, Plaintiff would show as follows:

### Jurisdiction and Venue

1. Plaintiff Robin Sutton is and was at all material times a resident of Sevierville, Sevier County, Tennessee.

2. The Defendant, Kroger, is a corporation formed in Cincinnati, Ohio and licensed to do business in Tennessee as a grocery establishment. Kroger has locations throughout Tennessee, including Store No. K026 located in Sevier County, Tennessee where the injury that prompted this action occurred. They may be served with process through their registered agent, Corporation Service Company, located at 2908 Poston Ave., Nashville, Tennessee 37203-1312.

1

3. Jurisdiction and Venue are proper before the United States District Court for the Eastern District of Tennessee, Northern Division, pursuant to 28 U.S.C.A. § 1441, et. seq.

## STATEMENT OF FACTS

4. At all relevant times, the Defendant owned, operated, possessed and controlled the Kroger Store No. K026 located at 702 Winfield Dunn Pkwy, Sevierville, TN 37876 (Store K026).

5. Kroger Store No. K026 is a retail store operated for profit by the Defendant. The retail store is open to the general public.

6. On or about November 13, 2019, Plaintiff Robin Sutton was walking to her vehicle located at the gas station area of Store No. K026. As Plaintiff was walking to her vehicle, she slipped on accumulated ice and fell on her right side, resulting in personal injuries.

7. The impact of Ms. Sutton's fall caused her head to hit the ground, and she suffered a closed head injury. Plaintiff lost consciousness during the fall.

8. Ms. Sutton was taken by ambulance from Store No. K026 to LeConte Medical Center. She was diagnosed with a concussion, rib and hip contusions.

9. Since that time Ms. Sutton has continued to experience headaches and other pain from the closed head injury. Because her headaches continue each day and have progressed, Plaintiff was referred to a neurologist for an evaluation. At the time of filing of this complaint, Plaintiff is still treating for her concussion and suffering from the effects of the concussion.

## PREMISES LIABILITY NEGLIGENCE

10. Plaintiff restates and realleges all preceding paragraphs.

11. At the time of the injury previously described, the Defendant owed a duty to all customers, including the Plaintiff, to exercise ordinary and reasonable care to protect said customers from unreasonable risks of harm. This duty includes maintaining its premises in a

reasonable safe condition either by removing potentially dangerous conditions in order to avoid foreseeable harm to customers.

12. The duty to exercise reasonable care also requires the Defendant to warn customers of dangerous conditions which could foreseeably cause injuries.

13. The accumulation of ice near the gas pumps where it is foreseeable that individuals will be walking created a dangerous condition and created a foreseeable risk of injury.

14. Upon information and belief, the ice existed for a period of time that the Defendant knew, or in the exercise of reasonable and due diligence, should have known of its existence.

15. The Defendant and/or the agents of the Defendant breached their duty of reasonable care to the Plaintiff by failing to remove or repair the unreasonable dangerous condition or warn the Plaintiff and/or others of the existence of the dangerous condition.

16. The negligence of the Defendant in failing to remove the dangerous condition, or in the alternative, warn against the dangerous condition, was the proximate cause of the injuries sustained by the Plaintiff.

17. Pursuant to the doctrine of *respondeat superior,* the Defendant is vicariously liable for the negligent acts and omissions of its employees and agents.

## **DAMAGES**

18. Plaintiff restates and realleges by reference all preceding paragraphs.

19. As a direct and proximate result of the injuries suffered by the Plaintiff, she has endured pain and suffering and incurred medical bills for reasonable and necessary treatment.

20. Plaintiff believes that her medical condition will be permanent and she will incur future medical expense, and pain and suffering of body and mind.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

3

21. That a copy of this Complaint be served upon the Defendant and that she be required to answer within the time prescribed by law;

22. An award of judgment be had against the Defendant in favor of the Plaintiff for compensatory damages in a reasonable amount that the jury deems reasonable and fair under the proof, but not to exceed two hundred forty thousand dollars ($240,000.00).

23. That all costs, including, but not limited to, discretionary costs, be taxed to and paid by the Defendant.

24. That a twelve-person jury be empaneled to try the issues as raised herein.

Respectfully submitted this ____ day of December, 2020.

James A.H. Bell, (BPR#000775)
Jacob Feuer, (BPR#33715)
The Law Offices of James A.H. Bell, P.C.
10 Emory Place
Knoxville, TN 37917
865-637-2900
*Attorneys for the Plaintiff*

**Certificate of Service**

I certify that a true and correct copy of this pleading has been served on the following counsel of record by electronic delivery and U.S. mail, postage prepaid.

Federico Flores
Clint Woodfin
Spicer Rudstrom, PLLC
800 S. Gay Street, Suite 1400
Knoxville, TN 37929

James A. H. Bell

4