UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBIN SUTTON,                          )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        No. 3:20-CV-495
                                       )
KROGER LIMITED PARTNERSHIP I,          )
                                       )
        Defendant.                     )
                                       )

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Robin Sutton's Motion to Non-Suit Without Prejudice [Doc.

62]. Defendant Kroger Limited Partnership I did not respond to Plaintiff's Motion within the time

prescribed by the Local Rules for the Eastern District of Tennessee. Accordingly, Plaintiff's

Motion to Non-Suit is now ripe for review. For the following reasons, Plaintiff's Motion is

**GRANTED** with conditions.

On November 17, 2020, Defendant removed Plaintiff's Complaint to this Court. [Doc. 1].

Plaintiff originally brought suit against Defendant in the Circuit Court of Sevier County, Tennessee

for premises liability negligence after a slip and fall. [Doc. 1-1, at 2–3]. The parties in this case

have engaged in substantial discovery. The docket reflects that they have served and answered

interrogatories and requests for production, and that a number of depositions have been noticed

and taken. [Docs. 17, 19, 22–23, 27, 30–31, 40]. The Court has entered two protective orders

governing discovery. [Docs. 25, 43]. Both parties noticed expert witnesses [Docs. 44, 47], which

resulted in Defendant filing motions to exclude expert testimony [Docs. 48, 49]. The motions have

been resolved by the Magistrate Judge, along with Defendant's Motion to Quash. [Docs. 60, 61].

Plaintiff now seeks an order for voluntary dismissal without prejudice.[1] [Doc. 62]. In support, Plaintiff states that she has been referred to a neuropsychologist for additional treatment, and she is still receiving treatment. [*Id.* at 1]. Plaintiff's counsel believes it is more likely than not that deposition testimony from the treating neuropsychologist will be required. [*Id.* at 4]. Plaintiff has also been attempting to schedule a second deposition of Plaintiff's treating neurologist, Dr. Arvo Kanna, since March 23, 2022.[2] [*Id.* at 2–3]. However, Plaintiff's counsel has contracted COVID-19 twice since February 2022, which has hindered his representation in this matter. [*Id.* at 3–4].

Federal Rule of Civil Procedure 41(a)(2) states that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(1) is inapplicable here because Defendant has answered the Amended Complaint [Doc. 15], meaning this action can only be dismissed by the Court. When considering a plaintiff's request to dismiss an action, the Court must take into account whether voluntary dismissal will prejudice the defendant. *See Maldonado v. Thomas M. Cooley Law School,* 65 Fed. Appx. 955, 956 (6th Cir. 2003). Relevant factors concerning potential legal prejudice to the defendant include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, plaintiff's explanation of the need for dismissal and whether a motion for summary judgment has been filed

---

[1] Plaintiff seeks a "Voluntary Non-Suit Without Prejudice against the Defendant pursuant to Rule 41.01(a)(2) of the Federal Rules of Civil Procedure." [Doc. 62, at 1]. Rule 41.01 governs voluntary non-suit in the Tennessee Rules of Civil Procedure, but there is no Federal Rule of Procedure 41.01. Accordingly, the Court will interpret Plaintiff's request as one for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).

[2] Plaintiff originally took Dr. Kanna's deposition in November 2021. [*Id.* at 1]. However, Plaintiff has yet to move the Court for leave to depose Dr. Kanna a second time. [*See* Doc. 60 ("Plaintiff has not filed a motion requesting a second deposition of Dr. Kanna.")].

by the defendant." *Id.* (citing *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). "A Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 954 (6th Cir. 2009).

Given the substantial time invested by the Court and the parties in this litigation, the Court would usually be hesitant to find that Defendant would not be prejudiced by a voluntary dismissal, particularly when a jury trial is less than two months away. However, Defendant did not respond to Plaintiff's motion, despite having filed notices regarding its witness list and exhibit list in the last few days. [Docs. 63, 64]. The Court finds that Plaintiff's motion may be granted on this basis alone. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). At the very least, a lack of response by Defendant means the Court has no information by which to evaluate Defendant's effort and expense of preparation for trial. Further, although Plaintiff has not moved to depose Dr. Kanna a second time, her counsel appears to have been diligent in attempting to schedule a second deposition and in obtaining a referral for a neuropsychologist, and additional time is needed for Plaintiff to complete her treatment with the neuropsychologist before the neuropsychologist can be deposed. Finally, Defendant has not filed a motion for summary judgment. In light of the foregoing, the Court finds that voluntary dismissal is proper.

However, Rule 41(a)(2) states that this Court can dismiss this action "on terms that the court considers proper." The Sixth Circuit has agreed that "[d]istrict courts have broad discretion to attach conditions to voluntary dismissals under Rule 41(a)(2)." *Duffy v. Ford Motor Co.*, 218 F.3d 623, 633 (6th Cir. 2000) (citation omitted). Plaintiff's basis for dismissal rests on needing additional time to complete treatment and conduct further related discovery, which suggests that

the nature of Plaintiff's claims in this action will not change. Therefore, the Court finds that it would be a waste of not only the Defendant's efforts and resources, but also the considerable resources already expended by the Court, to allow Plaintiff to restart the case from the beginning with a new filing.

Accordingly, the Court will **GRANT** Plaintiff's Motion [Doc. 62], subject to certain conditions: (1) should Plaintiff decide to refile her case, it must be refiled in the Eastern District of Tennessee before this Court, and it must be filed within the time period permitted by law;[3] (2) all previous rulings and entries on the docket for this case must stand, and the case will be in the same procedural posture as when it was dismissed; and (3) if Plaintiff prevails in her refiled case, she must pay Defendant's expenses, costs, and fees for work performed in the first action that cannot be used in the second. An appropriate judgment will enter.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's Amended Complaint in this action seeks $240,000 in damages, alleges that she is a resident of Sevier County, Tennessee, and alleges that Defendant is a corporation headquartered in Cincinnati, Ohio. [Doc. 13]. Jurisdiction is therefore proper before the Court pursuant to 28 U.S.C. § 1332. Defendant also admits that jurisdiction and venue are proper before this Court. [Doc. 15].